## Merchants' Building Improvement Co. v. Chicago Exchange Building Co.

1. EQUITY—*All Persons Should be Made Parties Whose Being Such is Necessary to Enable the Court to do Complete Justice.*—All persons should be made parties, whose being such is necessary to enable the court to do complete justice. A defendant has a right to require that all interested persons shall be, by being parties to the proceeding, bound by the decree of the court, so that when he is called to perform the decree he may be perfectly safe in so doing.

2. SAME—*What Persons Should be Made Parties.*—In every equity suit all persons who have legal rights in the subject in dispute as well as all persons having the equitable right, should be made parties to the litigation.

3. SAME—*Bill for Discovery Not to be Dismissed Because Not Brought in the Name of the Parties Who Are Owners of Judgments.*—A bill of discovery under Sec. 49, Ch. 24, R. S., is not to be dismissed because not brought in the name of parties who are the owners of the judgment sought to be satisfied.

Bill for a Receiver.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed May 19, 1903.

JOHN S. MILLER and TENNEY, MCCONNELL, COFFEEN & HARDING, attorneys for appellant.

JOHN S. COOPER, CHARLES M. OSBORN and CHARLES M. OSBORN, JR., attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from an interlocutory order appointing

a receiver of the property and effects of appellant. The order was entered on an amended and supplemental bill supported by affidavits—a verified answer, pleas and cross-bill by appellant having been filed.

It was in the court below, and is here, undisputed that appellee had obtained in the Circuit Court of Cook County two judgments amounting in the aggregate to over $15,000, upon each of which an execution had been issued, which execution had been returned " no property found."

The original bill was filed under section 25 of the corporation act and was that known as a winding-up bill, it being predicated upon the alleged insolvency of appellant. The supplemental bill set up the judgments, executions and return thereon heretofore mentioned. The bill alleged a stockholder's liability to appellant of certain of its stockholders who were made co-defendants.

Upon consideration of the pleadings with their supporting affidavits, the court appointed a receiver of the property and effects of appellant.

It is urged the answer filed by appellant shows that the judgments upon which the bill is predicated are not the property of appellee, but of other parties, and that therefore the bill can not be maintained by appellant, because, as is insisted, bills in equity must always be brought in the name of the real parties in interest. It is a general principle of equity practice, that all persons should be made parties, whose being such is necessary to enable the court to do complete justice. A defendant has a right to require that all interested persons shall be, by being parties to the proceeding, bound by the decree of the court, so that when he is called upon to perform the decree he may be perfectly safe in so doing, without being sued or molested again respecting the same matter, either at law or in equity. It is therefore required that in every equity suit all persons who have legal rights in the subject in dispute, as well as all persons having the equitable right, should be made parties to the litigation. Thus in respect to trust estates, the trustee or other person in whom the legal estate is vested is required

56 APPELLATE COURTS OF ILLINOIS.

VOL. 108.] Merchants' Bldg. Imp. Co. v. Chicago Ex. Bldg. Co.

to be a party to the proceeding. Daniell's Chancery Pleading and Practice, 192–196. A bill should never in terms declare that it is brought by one person for the use of another. In the present case the contention of appellant is not that it would not be perfectly protected by a payment of the judgments to appellee, but that certain persons doing business under the name of the estate of P. F. W. Peck are the owners of the judgments and that appellee has against such owners certain equity rights; that is to say, that it has against the enforcements of the judgment an equitable defense, which it could not set up in a court of law, but is available to it in a court of equity.

The present proceeding is an appeal from an interlocutory decree only. A receiver was appointed, not as the result of a final adjudication of the rights of the respective parties, but for the purpose of guarding and protecting the right of appellee in and to certain alleged assets of appellant, for the satisfaction of these judgments.

The statute of this state, section 49 of chapter 24, provides :

"Whenever an execution shall have been issued against the property of a defendant, on a judgment at law or equity, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery against such defendant, and any other person, to compel the discovery of any property or thing in action, belonging to the defendant, and of any property, money, or thing in action due to him, or held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant, except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself."

The filing of the bill under consideration was in direct following of the statute and appellant is not entitled to have the bill dismissed, because not brought in the name of parties who it alleges are the owners of the judgments.

It is urged that as at the time of the filing of this bill the judgments were under consideration in this court, a receiver

should have been appointed. The statute points out a method by which actions upon these judgments might have been stayed. Appellant might, if it has an equitable defense to either of these judgments of which it could not avail itself in the trials had in a court of law, have, upon giving a sufficient bond, obtained an injunction against further proceedings upon such judgment. This it has not done.

The statute allowing the filing of a bill upon a judgment on which an execution has been issued and returned "no property found," makes no exceptions in favor of those who, by writ of error or otherwise, have placed the matter of such judgments before an appellate tribunal for review.

Appellant insists that the verified answer of appellant shows a complete defense to the suit and that therefore the court below should have waited and not appointed a receiver until a hearing had been had upon the defense set up in appellant's answer.

Appellant has, in view of the statute, set up no complete defense to the bill of appellee. Appellant does not deny the obtaining of the judgment, the issuing of the executions, and return of "no property found" thereon. Appellant admits the existence of statutory ground for the filing of a creditor's bill. It does not claim that it has assets or property, while it does insist that it has an equitable defense to appellant's bill. As has been heretofore said, it must be borne in mind that this defense has not been established and that the mere insistence that it has one is not a sufficient reason for refusing to appellee the ordinary right of a judgment creditor whose execution has been returned "no property found."

*Prima facie*, appellee's bill was properly filed and it is entitled to relief thereon. The burden is upon appellant to show that by reason of an unestablished equitable claim, appellee may not have the relief it seeks.

*Prima facie*, appellant is insolvent.

The bill charges that it has assets in the shape of a stock liability to it by its officers and managers. Why, then, upon a mere assertion of an equitable defense to the judg-

ments of appellee, should the officers and managers of appellant be permitted to retain possession of its books and papers, deal with or dispose of its assets, if any there be, when, *prima facie*, its assets, books and papers should be held and controlled, not for its benefit, but for the benefit of appellee, for the satisfaction of these judgments?

Appellant calls our attention to a statement found in Section 24 of High on Receivers, to the effect that when the equities of his case are fully and fairly denied by the sworn answer of the defendant, a complainant is not entitled to a receiver.

Appellant's answer does not fully and fairly deny the equity stated by the complainant's bill. It denies none of the facts upon which, under the statute, complainant had a right to file its creditor's bill.

The answer, the pleas and the cross-bill of appellant attempt to set up in response to the bill of appellee, matter in confession and avoidance thereof; that is, appellee alleges that, notwithstanding, by the adjudication of a court of law, issue of execution and return of " no property found " thereon, appellee is entitled to maintain its creditor's bill, appellant will, upon the hearing, show that it has an equitable defense to the judgments. It is quite true, as appellant urges, that a receivership does not necessarily follow from the filing of a bill which is good on its face, and that a man's rights can not be invaded simply because serious injury may not result.

·We are not prepared to hold that by the pleading of appellant there was set up an equitable defense to the judgments of appellee. It has not been made clearly to appear to us that appellant has the equitable defense it claims. We are also of the opinion that appellee was entitled to maintain the bill which is originally brought under the statute for the winding up of insolvent corporations.

The order of the Circuit Court is affirmed.